IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                     Case No.:  2:17-CR-15-02
                                                      (JUDGE BAILEY)

**ROCKY DOUGLAS IDLEMAN,**

    Defendant.

**REPORT AND RECOMMENDATION**

This matter before the undersigned is pursuant to Defendant Rocky Douglas Idleman's "Motion to Suppress," filed on November 13, 2017. (ECF No 335). The United States of America through Assistant United States Attorney, Stephen D. Warner, filed a response to Defendant's motion on December 11, 2017. (ECF No. 351). A hearing on this matter was held before the undersigned on December 20, 2017.

**Relevant Background**

Defendant Rocky Douglas Idleman was indicted by a grand jury attending the United States District Court for the Northern District of West Virginia on September 6, 2017, charging him with conspiracy to distribute methamphetamine, distribution of methamphetamine, and three counts of unlawful possession of a firearm, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924 and Title 21 U.S.C., §§ 841(a)(1), 841(b)(1)(A), 841(b)(C), and 846 . (ECF No. 6). Defendant was subsequently arraigned and detained pending trial.

During the December 20, 2017, suppression hearing, the Court heard testimony from the following four Government witness: Gene Smithson, with the Mountain Region

1

Drug Task Force (hereinafter "MRDTF"), special agent with the US Forest Service, and deputized with the DEA; Agent Steve Worthy from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); Officer Dave Frasier, also from the US Forest Service and Tyler Gordon, from the Upshur County Sherriff's Office.

The evidence offered at the hearing established that on April 17, 2017, Randolph County emergency services contacted the MRDTF informing the unit that it had received a 911 call from an individual who expressed that the individual was scared and that Idleman was using the individual's residence as a "stash house". The caller became the confidential informant (hereinafter "CI") in this case. MRDTF Agent Smithson originally followed up with the CI via telephone, thereafter ATF Agents Steve Worthy and Greg Perry went to the CI's home, and spoke with the CI who reported that Idleman was using CI's residence to store drugs and firearms and that the CI scared. The CI further informed the agents that the CI had been obtaining methamphetamine from Idleman and agreed to make a controlled drug purchase from him. Upon Agent Smithson's instruction, and while in his and the ATF agents' presence, the CI called Idleman to set up the controlled buy.

The agents reviewed the pre-buy procedures with the CI, giving the CI $300 of marked bills, and equipping the CI with a recording device[1]. Prior to Idleman's arrival, the agents conducted a searched of the CI, the CI's vehicle and the CI's residence. No illegal drugs or drug paraphernalia was found. However, three firearms were found, two the CI had previously disclosed as allegedly belonging to Idleman and the other belonging to the CI. The agents continued to conduct surveillance on the CI's home and ultimately witnessed Idleman arrive, enter the CI's home, and eventually leave.

---

[1] The recording device failed while Idleman was in the CI's home.

Within minutes of Idleman's departure, Agent Smithson entered the CI's home and retrieved from the CI, methamphetamine and other drug paraphernalia. The CI informed Agent Smithson that the CI had purchased methamphetamine from Idleman and that he was carrying a handgun.

Thereafter, local police officers that were conducting surveillance for Idleman's vehicle sighted the vehicle and conducted a traffic stop and a K-9 sniff. The K-9 sniff resulted in a hit. Officers subsequently searched the vehicle and found marijuana, methamphetamine, three firearms and the $300 marked purchase money.

## Contention of the Parties

Defendant asserts that the evidence seized from Defendant and the vehicle in which he was traveling on April 17, 2017, should be suppressed, arguing that the officers (1) did not have probable cause to stop the vehicle and (2) were not authorized to detain Defendant's vehicle for a K-9 search. (ECF No. 335 at 2). During the suppression hearing, Defendant further argued that the CI had not given prior reliable information to law enforcement and therefore the information the CI provided to the officers would be insufficient to establish probable cause to start in motion the string of events that lead to stopping Defendant and searching his vehicle.

Conversely, in its response, the Government contends that Defendant's Motion to Suppress should be denied, arguing the traffic stop was based on reasonable suspicion and probable cause that defendant (1) had just committed a felony drug offense, (2) was in the process of committing a felony gun offense, and (3) was fleeing while he was in possession of evidence of both felony offenses. (ECF No. 351 at 1). During the suppression hearing, the Government further argued the evidence discovered from the search of Idleman's vehicle would have been inevitably discovered

by Officer Frasier, who testified he would have conducted a traffic stop on Idleman had the other officers not done so for Idleman's failure to use his turning signal.

## Discussion

An officer may stop and briefly detain a person for investigative purposes when there is reasonable suspicion, based on articulable facts, that criminal activity is afoot. Illinois v. Wardlow, 528 U.S. 119, 124 (2000). When determining whether reasonable suspicion exists, courts must look at the totality of the circumstances, including the information known to the officer and any reasonable inferences to be drawn at the time of the stop. United States v. Arvizu, 534 U.S. 266 (2002). Tips from informants can form the basis for reasonable suspicion if accompanied by "specific indicia of reliability," which can be established through face-to-face encounters with informants. Florida v. J.L., 529 U.S. 266, 269 (2000); U.S. v. Lawing, 703 F.3d 229, 237 (4th Cir. 2012).

Moreover, it is well established that officers may search a vehicle without a warrant if the officers have probable cause. Carroll v. United States, 267 U.S. 132 (1925). "Probable cause exists where 'the facts and circumstances within . . . the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Draper v. U.S., 358 U.S. 307, 313 (1959) quoting Carroll, 267 U.S. at 162).

Here, the Court is of the opinion that under the facts and circumstances presented in this case, the officers had probable cause and reasonable grounds to believe that Idleman had committed a violation of felony drug laws and was committing a violation of felony firearm laws, and consequently were justified in stopping and searching Idleman's vehicle. After the CI reported that Idleman was using the CI's

residence as a stash house and that the CI could participate in a controlled purchase, the officers orchestrated a control buy, by giving the CI $300 of marked bills to purchase methamphetamine from Idleman.  The officers were present when the CI telephoned Idleman to set up the controlled purchase, thereby providing the agents with a credible assertion that Idleman was engaged in illegal activity.  See, Lawing, 703 F.3d 229 at 237 (finding that the officers' presence while CI ordered drugs from the defendant showed that the CI provided the officers a credible assertion that the defendant was engaged in illegal activity).  The presence of methamphetamine and other drug paraphernalia following Idleman's departure, the CI's declaration that Idleman was carrying a handgun, and the fact that the CI no longer had the $300 dollars of marked bills, which the CI explained the CI gave to Idleman for the methamphetamine, further support the assertion that Idleman was engaged in illegal activity.  Consequently, the Court finds the totality of the circumstances in this case afforded the police officers reasonable suspicion to stop Idleman's car and probable cause to search it.

     Idleman contends the information from the CI is insufficient to authorize the officers to stop and search Idleman's vehicle, arguing that because the CI had not given information to the officers in the past, the information the CI offered was not reliable.  However, the Court disagrees.  The question of reliability is not based on whether an individual has been an informant in the past, but whether the individual provides "substantial and verifiable details."  The Court finds that CI provided such details in this case.

     The Court finds the Government's inevitable discovery argument need not be addressed as it finds the officer's stop and search of Idleman's vehicle was lawful.

**Conclusion**

In sum, the CI's tip was reliable in its assertion of illegality. Moreover, the totality of the circumstances of this case gave the officers reasonable suspicion and probable cause within the meaning of the Fourth Amendment to believe that Idleman had committed and was committing a crime and consequently lawfully stopped and searched Idleman's vehicle. Accordingly, the undersigned recommends Idleman's Motion to Suppress (ECF No. 335) be **DENIED.**

Any party may within fourteen (14) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record.

Respectfully submitted this 16th day of January 2018.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE