# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                       **Criminal Action No. 2:17-CR-15-2**
                                               **(BAILEY)**

**ROCKY DOUGLAS IDLEMAN,**

    Defendant.

## ORDER

On this day, the above-styled matter came before this Court upon consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi. By Local Rule, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on July 16, 2018 [Doc. 636]. In that filing, the magistrate judge recommended that this Court grant in part and deny in part Defendant Rocky Idleman's Motion to Suppress Evidence of "Ohio Stop" [Doc. 567] and Supplemental Motion to Suppress Evidence [Doc. 588]. The magistrate judge also denied a pending non-dispositive motion, a Motion for Bill of Particulars [Doc. 562].

### A. Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of filing of the same, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The defendant filed his Objections to Report and Recommendation Document 636 as to the Motion for Bill of Particulars [Doc. 640] on July 30, 2018. Therein, the defendant only raises objections to the magistrate judge's denial of his Motion for Bill of Particulars, and does not raise any objections to the R&R itself. Accordingly, this Court need only review the R&R for clear error. Upon careful consideration, this Court finds no such error, and will adopt the R&R.

### B. Denial of Non-Dispositive Motion

Magistrate judges are also empowered to hear and determine non-dispositive motions filed in a criminal case. 28 U.S.C. § 636(b)(1)(A). Where objections are filed to such a determination, a deferential standard of review applies—"[a] judge of the court may reconsider . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id.; *see also* **United States v. Montes**, 2013 WL 1411113, at *2 (N.D. W.Va. 2013) (Stamp, J.) ("[A]ny objections to [the magistrate judge's] determinations are to be considered under the deferential 'clearly erroneous or contrary to law' standard.").

The defendant also filed a Motion for Bill of Particulars [Doc. 562], in which he argues that the indictment is insufficient to apprise him of the charges against him so that

2

he might prepare a defense, particularly as to Count I. Specifically, the defendant argues that, due to the "complicated nature of this case" and the broad span of the indictment, he requires additional information—namely, at a hearing on the motion, the defendant requested information as to "what acts he is alleged to have committed in furtherance of the conspiracy" and "who he is alleged to have conspired with." [Doc. 635, p. 6]. Further, it appears that the defendant also seeks information about the time that the substantive offenses were allegedly committed, so that he might prepare an alibi defense. The defendant also specifically requested a "particularized statement as to what it is that he's alleged to have done" and "where it is he is alleged to have possessed a firearm in Harrison County." [Id., pp. 6–7]. In response, the Government stated that it has provided the defendant with nearly all discovery material and a list of places where the defendant is specifically mentioned in the discovery materials, and that it intends to use all of the provided material [Id., p. 8].

In denying the defendant's motion, the magistrate judge found that the defendant's arguments were issues for discovery, because the Government had made full discovery and would continue to supplement that discovery. As noted above, the defendant filed objections to the magistrate judge's order, and argues that, "[a]lthough the [G]overnment has provided full discovery, the indictment employs boilerplate language and is entirely lacking in terms of specificity and underlying essential facts." [Doc. 640, p. 2]. Specifically, the defendant asserts that Count I of the Indictment covers an overly broad period of time, contains only a recitation of the statutory language, and "fail[s] to articulate any detail as to who agreed with whom, to do what and how." [Id.]. The defendant also argues that there is no overlap between the different counts, and indicates that multiple conspiracies

3

might be charged.

The defendant does not, however, raise any new arguments or identify any legal error in the magistrate judge's determination. Rule 7 of the Federal Rules of Criminal Procedure provides for the issuance of a bill of particulars, the purpose of which:

> is to inform the defendant of the nature of the charges against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an adequately described offense . . . when the indictment itself is too vague and indefinite for such purposes.

*Wong Tai v. United States*, 273 U.S. 77 (1927). As the magistrate judge noted in his denial, Rule 7(f) "is not to be used to provide detailed discourse of the [G]overnment's evidence in advance of trial." *United States v. Automated Medic. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

In an unpublished opinion, the Fourth Circuit concluded that a bill of particulars was not warranted where the defendant alleged that "the indictment's allegations were too vague for him to adequately prepare for trial, and that a bill of particulars was necessary to pinpoint the location of any information in the voluminous evidence that the Government planned to use against him." *United States v. Adams*, 335 F. App'x 338, 344 (4th Cir. 2009). The *Adams* court noted that the Government had allowed the defendant full access to discovery materials in a navigable format and identified where evidence against him would be found in the materials, and that "the purpose of a bill of particulars is 'fully satisfied' when the Government turns over its entire file to the defendant." *Id.* (quoting *United States v. Schembari*, 484 F.2d 931, 935 (4th Cir. 1973)). Accordingly, a bill of particulars was not necessary. *See, e.g., United States v. Soc'y of Indep. Gasoline*

*Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1980) (denial of bill of particulars not an abuse of discretion in "light of . . . extensive disclosure by the Government"); *Schembari*, 484 F.2d at 935 (4th Cir. 1973) (no abuse of discretion in denying bill of particulars as "the underlying objectives of a Rule 7(f) motion were fully satisfied by the government's voluntary disclosure of its file . . . ."); *United States v. Amend*, 791 F.2d 1120, 1125 (4th Cir. 1986) (no prejudice resulted from denial of bill where all necessary information was obtained from government files).

Here, the Government has stated that it has turned over nearly all discovery materials, will continue to supplement disclosures, and has provided a list of locations where the defendant appears in the discovery materials. While the defendant may have further questions as to the sufficiency of the evidence, a motion for bill of particulars is no longer the proper recourse, because there are no further particulars to provide. From the record, it is clear that the purpose of a bill of particulars has been fulfilled, and the magistrate judge properly denied the motion.

After careful consideration of the record and the motion, it is the opinion of this Court that the Report and Recommendation **[Doc. 636]** should be, and is, hereby **ORDERED ADOPTED**. As such, defendant Rocky Douglas Idleman's Motion to Suppress **[Doc. 567]** and Supplemental Motion to Suppress Evidence **[Doc. 588]** is **GRANTED IN PART**, as to the defendant's statement denying ownership of the locked box, and **DENIED IN PART** as to all other statements and evidence. Finally, the Court **AFFIRMS** the magistrate judge's denial of the defendant's Motion for Bill of Particulars **[Doc. 562]**, and **OVERRULES** the defendant's Objections **[Doc. 640]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** August 1, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE